IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAHOO!, INC., | No. C-06-06326 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY TO STAY** |
| v. | |
| ONE DIAMOND ELECTRONICS, INC., dba DIAMOND ELECTRONICS, | |
| Defendant / | |

Before the Court is defendant One Diamond Electronics, Inc.'s ("One Diamond") motion, filed December 7, 2006, to dismiss plaintiff Yahoo!, Inc.'s ("Yahoo") First Amended Complaint ("FAC"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, alternatively, to stay the instant action. Plaintiff has filed opposition, to which defendant has replied. Plaintiff, with leave of Court, has filed a surreply. By order filed March 7, 2007, the Court deferred ruling on the motion pending a decision by the Western District of Texas as to whether the parties are diverse. On July 27, 2007, the District Court in Texas found both parties are citizens of California, and, consequently, are not diverse. (See Def.'s Advisory to the Court, filed July 31, 2007, attachment thereto.) Accordingly, the Court, having considered the papers filed in support of and in opposition to the motion, now rules as follows.

**A. Motion to Dismiss**

In its FAC, Yahoo alleges the district court has jurisdiction over the instant action, because the parties are diverse and because Yahoo has alleged a federal claim. By the instant motion, One Diamond argues that Yahoo cannot establish either theory of jurisdiction and, in the alternative, that the Court, at a minimum, should not exercise supplemental jurisdiction over Yahoo's state law claims.

**1. Diversity**

As set forth in the Court's order of March 7, 2007, the parties have agreed that the decision made by the District Court in Texas on the issue of diversity would have a preclusive effect herein. Accordingly, in light of the Texas court's ruling that the parties are both citizens of California, the Court finds that the parties are not diverse.

**2. Federal Question**

On its face, the FAC includes claims under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, specifically, claims for trademark infringement, unfair competition, and dilution of a mark. In support of said claims, Yahoo alleges One Diamond used Yahoo's marks on One Diamond's website in a manner outside the scope of the parties' Merchandise Licensing Agreement ("License"). Specifically, Yahoo alleges that One Diamond placed on its website:

> a. An animation replacing the Y! in the Y! Mark with words or phrases and presenting them in sequential fashion without the Y! mark present with the same visual field or at the same time; and
> b. A group of slides on its website which include both the Yahoo! and Y! Marks in unauthorized fonts, colors, and/or styles.

(See FAC ¶ 24.)

One Diamond argues such claims are, in actuality, claims arising under state contract and/or tort law. As discussed below, the Court disagrees.

Although "actions to enforce contracts of which a [trademark] is the subject matter must, in the absence of diversity of citizenship, be brought in the state court," see Everest & Jennings, Inc. v. E&J Mfg. Co., 263 F. 2d 254, 262 (9th Cir. 1958), a claim that a licensee has used the licensor's intellectual property "beyond the scope of [the parties'] license"

presents a federal infringement claim, S.O.S., Inc. v. Payday Inc., 886 F.2d 1081, 1087 (9th Cir. 1989); see, e.g., Bunn-o-matic Corp. v. Bunn Coffee Service, Inc., 88 F. Supp. 2d 914, 922 (C.D. Ill. 2000) (holding trademark licensee violated federal Lanham Act by using mark in manner other than that permitted under license).

One Diamond argues nonetheless that dismissal of Yahoo's federal claims is proper because, according to One Diamond, the federal claims are not colorable. "[A] claim invoking federal question jurisdiction . . . may be dismissed for want of subject matter jurisdiction if it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Arbaugh v. Y&H Corp., 546 U.S. 500, 126 S. Ct. 1235, 1244 n.10 (2006) (internal quotation and citation omitted). In support of its argument, One Diamond first points out that the original complaint filed by Yahoo did not allege One Diamond used the marks in a manner outside the scope of the License. Such timing, however, is not sufficient to demonstrate either immateriality or lack of substance. Moreover, Yahoo asserts it did not discover the alleged misuse of its marks on One Diamond's website until after Yahoo had filed the original complaint. One Diamond further points out that Yahoo did not send One Diamond a cease-and-desist letter regarding One Diamond's asserted misuse of the marks before amending to add those claims herein. One Diamond fails to show such letters typically are sent in the course of an ongoing lawsuit, however, let alone that the lack of such letter evidences immateriality or frivolousness.

Accordingly, because Yahoo has presented a federal question and One Diamond has failed to show the alleged federal claims are not colorable, the Court has subject matter jurisdiction over the instant action.

**C. Supplemental Jurisdiction**

In addition to the above-referenced claims arising under the Lanham Act, Yahoo alleges state law claims for breach of contract and fraud. Specifically, Yahoo alleges One Diamond breached the License by failing to pay certain royalties and failing to provide certain reports, and that One Diamond fraudulently induced Yahoo to enter into an

3

agreement to amend the License.

One Diamond argues that the Court should decline to exercise supplemental jurisdiction over Yahoo's state law claims because, according to One Diamond, the state law claims predominate over the federal claims, see 28 U.S.C. § 1367(c)(2) (providing district court may decline to exercise supplemental jurisdiction over state law claim that "substantially predominates" over federal claim), and/or because of the presence of a "compelling reason," specifically, that Yahoo engaged in forum shopping, see 28 U.S.C. § 1367(c)(4) (providing district court may decline to exercise supplemental jurisdiction where "in exceptional circumstances, there are . . . compelling reasons [other than those expressly set forth in § 1367(c)] for declining jurisdiction").

As to whether the state law claims substantially predominate, the Court finds resolution of such issue is at this time premature. Neither party has attempted to address the nature or quantum of evidence necessary to establish the state law claims, as opposed to the federal claims, or how the evidence as to such respective claims may overlap.

With respect to the issue of forum shopping, the Court finds One Diamond's argument is not persuasive. The License includes a forum selection clause, under which One Diamond and Yahoo agreed that "the exclusive jurisdiction and venue of any action between the parties arising out of their relationship, including disputes that may arise during or following the Term of this Agreement, shall be in the United States District Court for the Northern District of California." (See FAC Ex. A at 11.) One Diamond does not contend the federal claims alleged herein fall outside the scope of the forum selection clause. Consequently, Yahoo was, as a matter of contract, required to file its federal claims in this District and, by statute, was entitled to join therewith such state law claims as are "so related to [the federal claims] that they form part of the same case or controversy." See 28 U.S.C. § 1367(a). One Diamond has not argued, let alone shown, that Yahoo's state law claims are not "so related" to the federal claims within the meaning of § 1367(a).

Accordingly, the Court will exercise supplemental jurisdiction over the state law claims. The Court may, however, revisit this issue, at One Diamond's request, as the

instant litigation proceeds.

**B. Motion to Stay**

One Diamond argues the Court should stay the instant case in light of a case filed by One Diamond that is pending in state court in Texas. In the Texas case, One Diamond alleges that Yahoo breached the License by not approving One Diamond's requests to use the marks on certain products, and that Yahoo fraudulently induced One Diamond to enter into the License. (See Clements Decl., filed December 7, 2006, Ex. A.)

Under the "Colorado River doctrine," a district court may "stay federal proceedings pending the resolution of concurrent state court proceedings involving the same matter" if "extraordinary circumstances" are present. See Holder v. Holder, 305 F. 3d 854, 859, 867 (9th Cir. 2002) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)). "In [the Ninth] Circuit, the narrow Colorado River doctrine requires that the pending state court proceeding resolve all issues in the federal suit." See Holder, 305 F. 3d at 859.

Here, One Diamond has not shown the state court action will resolve all of the issues presented in the instant action, because One Diamond has not shown the state law claims alleged by One Diamond in the Texas action present the same issues as the claims alleged herein by Yahoo. Although a failure of this nature is "dispositive," see id. at 870, the Court has considered the other Colorado River factors, see id. (setting forth factors), and finds, on balance, such factors likewise do not support a stay:

1. Whether the state court first assumed jurisdiction over property

This factor is inapplicable to the instant action.

2. Inconvenience of the federal forum

In light of the parties' having agreed to a forum selection clause identifying this District as the "exclusive" venue for their disputes, One Diamond cannot show this forum is inconvenient, and this factor weighs against a stay.

//
//

3. <u>Desirability of avoiding piecemeal litigation</u>

Although promotion of efficiency and judicial economy favor a stay,[1] this factor does not weigh heavily in that regard where, as here, there is little likelihood of the two court's reaching conflicting decisions. See <u>Kelly Investment, Inc. v. Continental Common Corp.</u>, 315 F. 3d 494, 498-99 (5th Cir. 2002) (holding stay under <u>Colorado River</u> improper where primary factor weighing in favor of stay is avoidance of piecemeal litigation, because "the problem of inconsistent judgments can be obviated through a plea of res judicata should one court render judgment before the other").

4. <u>Order in which jurisdiction was first obtained by the concurrent forums</u>

One Diamond filed its initial state court pleading in May 2006 and served Yahoo on September 11, 2006, two and a half months before November 30, 2006, the date Yahoo served One Diamond herein. One Diamond's having served its complaint first, however, is a factor entitled to little weight, in that there is no showing the Texas court has set a trial date or that any substantive issue has yet been considered therein.

5. <u>Whether federal law or state law provides the rule of decision on the merits</u>

To the extent the instant action presents federal claims, this factor weighs against a stay. To the extent the instant action presents state law claims, this factor is, at best, neutral; the License includes a choice of law provision stating the License "will be construed and enforced in accordance with the laws of the State of California," (<u>see</u> FAC Ex. A at 11), not Texas.

6. <u>Whether the state court proceedings are inadequate to protect the federal litigant's rights</u>

As all of the instant claims could be adjudicated in either federal or state court, this factor weighs neither in favor of nor against a stay.

---

[1] A state court would have concurrent jurisdiction over the federal claims alleged by Yahoo herein. See <u>Duggan's Funeral Service, Inc. v. Duggan's Serra Mortuary, Inc.</u>, 80 Cal. App. 4th 151, 158 (2000) (holding "in cases arising under the Lanham Act, the jurisdiction of federal and state courts is concurrent"). Accordingly, Yahoo could allege as a counterclaim in the Texas action each of the claims it has asserted herein.

7. <u>Whether exercising jurisdiction would promote forum shopping</u>

As discussed above, One Diamond has not shown Yahoo engaged in forum shopping, particularly in light of the parties' forum selection clause. This factor thus weighs against a stay.

Accordingly, the Court declines to exercise its discretion to stay the instant action pending resolution of the Texas state court proceeding.

## CONCLUSION

For the reasons set forth above, One Diamond's motion to dismiss or stay is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 3, 2007

_____
MAXINE M. CHESNEY
United States District Judge